Lisel M. Ferguson (Bar No. 207637)
Nicholas A. Kawuka (Bar No. 297579
PROCOPIO, CORY, HARGREAVES
& SAVITCH LLP
525 B Street, Suite 2200,
San Diego, California 92101
Telephone: 619.238.1900
Facsimile: 619.235.0398
Email: lisel.ferguson@procopio.com
Email: nicholas.kawuka@procopio.com

Attorneys for Plaintiff,
RX SMART GEAR, INC.

**UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

RX SMART GEAR, INC., a California corporation,

Plaintiff,

v.

BATTLEBOXUK LTD, an English company, NANO GEAR LTD, a Scottish company,

Defendants.

Case No.: '17CV798 BTM JMA

**COMPLAINT FOR:**
**(1) TRADEMARK INFRINGEMENT 15 U.S.C. § 1114;**
**(2) LANHAM ACT UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN LANHAM ACT 15 U.S.C. § 1125(A);**
**(3) INJUNCTIVE RELIEF UNDER THE LANHAM ACT 15 U.S.C. § 1116;**
**(4) BREACH OF CONTRACT; AND**
**(5) NEGLIGENT INTERFERENCE WITH BUSINESS RELATIONS**

**(DEMAND FOR JURY TRIAL)**

Plaintiff RX SMART GEAR, INC. ("Plaintiff" or "Rx Smart Gear") hereby alleges as follows:

## JURISDICTION AND VENUE

1. This is a Complaint for (i) trademark infringement under 15 U.S.C. § 1114; (ii) unfair competition and false designation of origin under the Lanham Act

15 U.S.C. § 1125(A); (iii) injunctive relief under the Lanham Act 15 U.S.C. § 1116; (iv) breach of contract; and (v) negligent interference with tortious or business relations.

2. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. 15 U.S.C. § 1114(a), 15 U.S.C. § 1125(A), 15 U.S.C. § 1116, 15 U.S.C. § 1121(a), and 28 U.S.C. §§ 1331, 1338(a) and (b). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

3. This Court has personal jurisdiction over Defendants because Defendants conduct business in California and ships products into this jurisdiction. Defendants have purposely availed itself of the opportunity to conduct commercial activities in this judicial district. Defendants signed contracts in this judicial district and maintain an online retail store in this judicial district which promotes, offers for sale and sell their products to consumers throughout the United States and United States territories.

4. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c), because a substantial part of the events giving rise to the claims occurred, and continue to occur, in the Southern District of California. Further, Plaintiff has suffered damage within this District, and elsewhere.

## PARTIES

5. Plaintiff Rx Smart Gear, Inc. is a California corporation with its principal place of business at 1800 John Towers Avenue, El Cajon, California 92020.

6. Plaintiff is informed and believes and thereon alleges that Defendant BattleboxUK Ltd. ("Defendant") is a limited liability company organized and existing under the laws of the country of the United Kingdom with a principal place of business at 101 St. Leonards Street, Edinburgh, Scotland, EH8 9QY.

7. Plaintiff is informed and believes and thereon alleges that Defendant Nano Gear Ltd ("Defendant") is a limited liability company organized and existing

under the laws of the country of the United Kingdom with a principal place of business at 101 St. Leonards Street, Edinburgh, Scotland, EH8 9QY. (collectively referred to as "Defendants").

## FACTUAL BACKGROUND

8. Plaintiff is a company which designs, manufactures and sells jump ropes, exercise, gym, and cross-fit training equipment. Plaintiff is the top source for dependable, high quality gym equipment, including jump ropes, muscle rings, apparel, shoes and accessories. Plaintiff has been in business selling exercise, gym, and cross-fit training products since 2009.

9. In 2009, Plaintiff designed and began selling its Rx Smart Gear Jump Rope ("Rx Jump Rope").

10. Plaintiff's Rx Jump Rope has been used in commerce since at least June of 2009.

11. Plaintiff commenced its business in June 2009 as a sole proprietor selling both self-manufactured products and third party products.

12. Plaintiff started its business with its unique, one of a kind and original jump rope specifically designed for cross-fit training, the Rx Jump Rope. This product was developed by Plaintiff's founder and owner Mr. Dave Newman ("Mr. Newman") in his garage, after innumerable hours of experimentation and redesign.

13. After Mr. Newman invented his jump rope he started a company by the name of Rx Jump Ropes, now known as Rx Smart Gear (Plaintiff in this matter), to sell these unique and highly sought-after jump ropes. The Rx Jump Rope quickly developed global notoriety in the CrossFit world. Multiple top name CrossFit athletes started to use the Rx Jump Rope at the World CrossFit Games. On or about 2013, the Navy Special Warfare department (aka Navy SEALS) began ordering the Rx Jump Rope as a training tool for the SEALS.

14. Plaintiff continues to develop and invent new and unique versions of its jump rope tailored to meet the needs of the exercise consumers.

15. Plaintiff attends eight to ten trade shows nationwide each year. At these trade shows Plaintiffs advertises and offers for sale the Rx Jump Ropes. Plaintiff also provides a teaching program under the trade name "The Rx Method" for new consumers of Rx Jump Ropes. Thousands of athletes, both professionals and amateurs, use the Rx Jump Rope as a regular part of their workout and training regime.

16. At present, Plaintiff not only sells the Rx Jump Rope but also sells other exercise, gym, and cross-fit training equipment, including but not limited to exercise rings, medicine ball covers, skull mats, shin guards, bar grips, kettlebell grips, wrist supports, and accessories ("Plaintiff's Exercise Products"). Plaintiff has been providing high quality fitness products for over eight and a half years, and targets individual consumers and groups of consumers, including sports trainers and professional athletes nationwide.

17. Plaintiff's Rx Jump Ropes are the Official jump rope of USA Boxing and USA Wrestling.

18. Plaintiff's Rx Jump Ropes are the officially licensed jump rope of CrossFit.

19. Plaintiff sells its products through distributors, online through its website located at www.rxsmartgear.com and at trade shows.

20. Plaintiff has a diverse customer base, including but not limited to the general public, fitness trainers, amateur and professional athletes. Plaintiff enjoys considerable recognition by professionals and consumers in the CrossFit industry as the source of the Rx Jump Ropes.

21. Plaintiff's sales are retail sales which are promoted mostly, although not exclusively, through catalogs, websites, including Plaintiff's website www.rxsmargear.com, social media sites, its distributors and various trade shows and competitions throughout the world in addition to the United States and within this judicial district.

22. In light of Plaintiff's valid and continuous use of the Rx Jump Rope trade dress since 2009 and the Plaintiff's notoriety as the source of the Rx Jump Rope in the CrossFit industry, Plaintiff's trade dress has acquired secondary meaning among the consuming public. The Rx Jump Rope trade dress is symbolic of extensive goodwill and consumer recognition, built up by and through Plaintiff's substantial time, effort and resources dedicated to advertising, marketing, promotional activities and sales. The Rx Jump Rope trade dress and the goodwill associated therewith are valuable assets belonging to Plaintiff.

23. Plaintiff is the first company to sell an exercise jump rope that utilizes PVC coated aircraft grade cable at 5/32" diameter in which the ends of the cable are stripped, looped through a split ring, then crimped to itself, while the split ring is connected to a clevis pin, and inserted through a flat samba bearing. Plaintiff was also the first to wrap tennis-style tape grip around each formed handle from end-to-end, with bands at the closest end to the cable creating a stylish grip.

24. In the mind of the consuming public, Plaintiff is the source or origin of the Products bearing the Rx Jump Rope trade dress.

25. Plaintiff owns multiple United States and European Trademark Registrations relating to its "Rx Smart Gear", and "Speed Ropes" brand of products which are relative to this Complaint.

26. A list of Plaintiff's relevant Trademarks are as follows and a copy of each registration is attached hereto as Exhibit A:

| COUNTRY | MARK | CLASS | SERIAL/ REG. NO. ISSUE DATE | GOODS/SERVICES |
|---|---|---|---|---|
| U.S. | RX JUMP ROPES | 25, 28, 41 | 4,356,321<br>06/25/2013 | **25** – Athletic apparel, namely, shirts, pants, jackets, footwear, hats and caps, athletic uniforms.(Use: 12/01/2009; 05/15/2011)<br>**28** – Physical fitness equipment, namely, jump ropes. (Use: 12/01/2009; 03/01/2010) |

| COUNTRY | MARK | CLASS | SERIAL/ REG. NO. ISSUE DATE | GOODS/SERVICES |
|---|---|---|---|---|
| | | | | **41** – Consulting services in the fields of fitness and exercise. (Use: 12/01/2009; 03/01/2010) |
| E.U. | RX SMART GEAR (word mark) | 25 and 28 | 15867931 09/27/2016 | **25**: Athletic apparel, namely, shirts, pants, jackets, footwear, hats and caps, athletic uniforms. **28**: Physical fitness equipment. |
| U.S. | RX SMART GEAR | 28 | 4,627,219 10/28/2014 | Exercise equipment. |
| U.S. | RX SMART GEAR | 41 | 4,574,747 07/29/2014 | Providing fitness and exercise services. |
| E.U. | RX SPEEDROPES (2 words) | 25 28 41 | 015939226 10/17/2016 | **25**: Athletic apparel. **28**: Physical fitness equipment. **41:** Providing fitness and exercise services. |
| U.S. | RX SPEEDROPES (2 words) | 28 | 4,842,299 10/27/2015 | Physical fitness equipment. |

27. Since 2010, Plaintiff has continuously used these Trademarks in commerce to promote its products and cross-fit services. Throughout the United States and Europe as well as many other countries, Plaintiff has promoted itself under these Trademarks as a provider of premium quality cross-fit products. These promotions have been made through advertising, marketing, trade shows, distributors and other promotional material.

28. The consuming public associates the Trademarks and all similar marks with Plaintiff and its goods and services.

29. Plaintiffs continued uninterrupted use of its brand and Trademarks has caused Plaintiffs brand and Trademarks to be associated with the high quality products and services. Further, Plaintiff's continuous use of its brand and Trademarks in conjunction with its goods and services has created a high business reputation and established considerable goodwill in the industry for providing high quality goods and services.

30. Plaintiff is also the owner of a number of patents on its products.

**DEFENDANTS BACKGROUND AND INFRINGEMENT**

31. Nano Gear Ltd aka BattleboxUK Ltd entered into a Re-sale Agreement with Plaintiff Rx Smart Gear, Inc. in June of 2015 which included Rx Smart Gear, Inc.'s Terms and Conditions ("Agreement" and/or "Terms and Conditions"). (Attached as Exhibit B)

32. This Agreement was signed by Mikhail Belogub as Director on June 5, 2015 on behalf of Nano Gear Ltd., Nano Gear listed a website www.battleboxuk.com located in Edinburgh, UK on the Agreement. Along with this Re-sale Agreement Defendants signed Rx Smart Gear, Inc.'s Minimum Advertised Pricing (MAP) Policy. (Attached as Exhibit C)

33. Nano Gear Ltd entered into this Agreement with Rx Smart Gear in order to sell Rx Smart Gear's products in the UK and surrounding countries both directly and via its website. One of the primary products to be sold were the Rx Smart Gear jump ropes which were sold under the brand names Rx SMART GEAR ropes or SPEED ROPES.

34. As part of the terms of the Agreement and the Terms and Conditions Nano Gear agreed that it could be terminated in Plaintiff's sole discretion per Terms and Conditions ¶19 and further agreed that Rx Smart Gear maintained all exclusive rights in all of its intellectual property. Specifically, according to ¶18 of

the Terms and Conditions, Defendants were only entitled to use Rx Smart Gear's intellectual property on its website while they were an authorized re-seller of the products.

35. As a result of Defendants' infringing actions, Plaintiff Rx Smart Gear terminated its Agreement with Defendants on December 6, 2016. In this same correspondence Plaintiff warned Defendants that they were infringing upon Rx Smart Gear's intellectual property and demanded that Defendants cease their infringing conduct. (Attached as Exhibit D)

36. Within a week after Plaintiff terminated its Agreement with Defendants and sent its cease and desist letter, Defendants commenced removal of some of the infringing content of the website.

37. Shortly before September 26, 2016 Plaintiff still had not received product back from Defendants which it demanded be returned and also started to see Defendants re-post infringing trademarks and copyrights on their website.

38. On September 26, 2016 Plaintiff sent a second cease and desist letter to Defendants requesting once again that they return Plaintiff's products and also cease utilization of it trademarks, copyrights, trade dress and patented products. (Attached as Exhibit E)

39. Defendants are still infringing upon Plaintiff's Intellectual Property which can be seen by the web capture and Instagram capture. (Attached as Exhibit F)

40. Defendants have blatantly copied Plaintiff's trademarks for RX SMART GEAR and SPEED ROPES. Defendants have further utilized confusingly similar product names to attempt to pass them off as coming from Plaintiff. Some of this infringement can be seen from the images below showing the Defendants' attempt to pass itself off as Rx Smart Gear.

41. Defendants are further copying the trade dress of Plaintiff's jump ropes as can be seen from the images below.




$42.95
Rx Jump Ropes



Introducing New Edition
BattleBox Smart Gear™ R7
Speed Rope
www.battleboxuk.com



BattleBox Smart Gear™ R7
Speed Rope Blue Custom Length
Cable

42. Plaintiff is informed and believes and on that basis alleges Defendants have misappropriated Plaintiff's Rx Jump Rope trade dress for use on Defendants' jump rope products, which are the same as Plaintiff's Rx Jump Rope Products, and Defendants' website, without permission or consent from Plaintiff.

43. Defendants are using in commerce a jump rope trade dress identical to Plaintiff's Rx Jump Rope trade dress.

44. Plaintiff is informed and believes that Defendants copied the trade dress of Plaintiff's Rx Jump rope with the intent to confuse consumers by palming off Defendants' jump rope as if it was Plaintiff's Rx Jump Rope, and to benefit from Plaintiff's sterling reputation and goodwill in the CrossFit industry.

45. Upon information and belief, Defendants advertise, market and sell their jump rope products on at least the following website: www.battleboxuk.com and through their social media site thebattlebox on Instagram.

46. Defendants use the infringing marks and other confusingly similar advertising methods on their website, in their business, in advertising and through third party websites such as Facebook.

47. Plaintiff is informed and believes and thereon alleges that Defendants are using infringing marks, copyrights and other confusingly similar advertising methods to market and sell their jump ropes and related products similar to those

offered and sold by Plaintiff under its trademarks.

48. Plaintiff is informed and believes that Defendants have passed their products and services off in a manner calculated to deceive Plaintiff's customers and member of the general public. Defendants have copied Plaintiff's intellectual property in an effort to confuse the public into believing that Defendants and Plaintiff are one in the same; or that Defendants are acting in connection with or condoned by Plaintiff. This causes confusion to the consuming public as to the source, origin and affiliation of Defendants' products.

49. Plaintiff is informed and believes, and on that basis alleges, that Defendants were aware of Plaintiff's Rx Jump Rope trade dress prior to their misappropriation of the same and Defendants intentionally copied Plaintiff's trade dress to trade on Plaintiff's goodwill and favorable reputation among the consuming public and, in particular, within the cross-fit and professional athlete communities nationwide.

50. Defendants have breached their Agreement with Plaintiff and thus have caused Plaintiff harm in the way of lost products which Defendants failed to return to Plaintiff and have potentially sold to customers thereby further deceiving the consuming public.

51. The natural and probable foreseeable result of Defendants wrongful conduct has been to deprive, and will continue to deprive, Plaintiff the benefits of the sale of its goods and services and to deprive Plaintiff of its goodwill and to injure Plaintiffs relationship with present and perspective customers.

52. Plaintiff is informed and believes and based thereon alleges that it has lost, and will continue to lose, substantial revenues from Defendants' use of the infringing marks, copyrights, and jump ropes bearing Plaintiff's trade dress. Defendants' wrongful conduct will also deprive Plaintiff of expanding its goodwill.

53. Plaintiff is informed and believes and based thereon alleges that unless enjoined by this Court Defendants will continue its current course of conduct,

wrongfully using, infringing upon, selling or otherwise profiting from Plaintiff's trade name, likeness, and marketing strategies.

54. As a direct and proximate result of the acts alleged above, Plaintiff has suffered irreparable damage and lost profits. Plaintiff has no adequate remedy at law to redress all of the injuries that Defendants have caused and intend to cause by their conduct. Plaintiff will continue to suffer irreparable damage and sustained loss of profits until Defendants' actions alleged above are enjoined by this Court.

55. As a direct and proximate result of the acts alleged above Plaintiff seeks damages to compensate for lost profits and the loss of goodwill that Defendants have caused and an injunction ordering Defendants to cease use of Plaintiff's intellectual property.

## FIRST CLAIM FOR RELIEF

**(Trademark Infringement: 15 U.S.C. § 1114)**

56. Plaintiff hereby repeats, realleges and incorporates by reference Paragraphs 1 through 55 of this Complaint as if fully set forth herein.

57. Plaintiff is the owner of United States Trademark Registration Nos. 4,356,321; 4,627,218; 4,574,747 and 4,842,229. ("Trademarks") Plaintiff is further the owner of the European Applications for 15939226 and 15867931.

58. The actions of Defendants described herein constitute infringement of the Plaintiff's Trademarks in violation of 15 U.S.C. § 1114.

59. Defendants have used in commerce, without the permission or consent of Plaintiff, the marks and phrases are confusingly similar phrases to Rx JUMP ROPES, Rx SMART GEAR and Rx SPEED ROPES. Defendants have infringed Plaintiff's Trademarks and created confusion of origin by utilizing similar marks in connection with the manufacture, offer for sale, sale, distribution, promotion and/or marketing of Defendants' services and products without the permission or consent of Plaintiff. Defendants' acts are designed to trade upon Plaintiff's reputation and goodwill by causing confusion and mistake among consumers and the public.

Defendants' acts are also designed to deceive the public into believing that Defendants' products are associated with, sponsored by, approved by and/or condoned by Plaintiff.

60. Plaintiff is informed and believes, and on that basis alleges, that Defendants have actual knowledge of Plaintiff's ownership and use in commerce of Plaintiff's Trademarks and, without the permission or consent of Plaintiff, have willfully and intentionally violated 15 U.S.C. § 1114.

61. As a direct and proximate result of Defendants' unauthorized use of the Infringing Marks, Defendants have damaged and will continue to damage Plaintiff's goodwill and reputation, and have caused and are likely to continue causing Plaintiff a loss of sales and profits. Defendants' actions have caused and will continue to cause irreparable harm to Plaintiff and to the public, who is confused by Defendants' unauthorized use of the Plaintiff's Trademarks, and unless restrained and enjoined by this Court Defendants' harm will continue. Plaintiff has no adequate remedy at law to prevent Defendants from continuing their infringing actions and from injuring Plaintiff.

62. As a further direct and proximate result of Defendants' actions, Plaintiff has been damaged and will continue to sustain damage and is entitled to receive compensation arising from its lost sales, lost profits, and efforts necessary to minimize and/or prevent customer confusion, in an amount to be proven at the time of trial. In addition, Plaintiff is entitled to disgorge Defendants' profits, and is entitled to interest and to its attorney's fees and costs incurred in bringing this action, all in an amount to be proven at the time of trial. Plaintiff is further entitled to injunctive relief requiring Defendants to cease use of the Infringing Marks, and to all other and further forms of relief this Court deems appropriate.

63. The damages sustained by Plaintiff as a result of the conduct alleged herein should be trebled in accordance with 15 U.S.C. § 1117(b).

## SECOND CLAIM FOR RELIEF

**(Unfair Competition And False Designation Of Origin Under The Lanham Act 15 U.S.C. § 1125(A))**

64. Plaintiff hereby repeats, realleges and incorporates by reference Paragraphs 1 through 63 of this Complaint as if fully set forth herein.

65. Defendants have created a false designation of origin by their multiple unauthorized acts, namely, using in commerce, without Plaintiff's permission or consent, the Rx Jump Rope trade dress and trademarks for Rx SMART GEAR, Rx JUMP ROPES and Rx SPEED ROPES in connection with the manufacture, offer for sale, sale, distribution, advertisement, promotion and/or marketing of Defendants' products.

66. Defendants committed such acts with the intent to trade upon Plaintiff's reputation and goodwill by causing confusion and mistake amongst customers and the public, and deceiving the public into believing Defendants' products are associated with, sponsored by, approved by and/or condoned by Plaintiff.

67. Defendants have further committed such acts with the intent to cause confusion and mistake amongst customers and the public, deceiving the public into believing that Defendants' use of the Rx Jump Rope trade dress and trademarks are associated with, sponsored by, approved by and/or condoned by Plaintiff. These acts constitute false designation of origin in violation of 15 U.S.C. § 1125(a).

68. Plaintiff is informed and believes, and on that basis alleges, that Defendants have actual knowledge of Plaintiff's ownership and prior use of its Rx Jump Rope trade dress and trademarks, and without the permission or consent of Plaintiff, Defendants have willfully violated 15 U.S.C. § 1125(a).

69. Defendants' actions have injured Plaintiff and damaged Plaintiff in an amount to be determined at trial.

70. By its actions, Defendants have irreparably harmed and injured

Plaintiff. Such irreparable injury will continue unless this Court preliminarily and permanently enjoins Defendants from further violation of Plaintiff's rights, for which Plaintiff has no adequate remedy at law.

## THIRD CLAIM FOR RELIEF

**(Injunctive Relief Under The Lanham Act 15 U.S.C. § 1116)**

71. Plaintiff hereby repeats, realleges and incorporates by reference Paragraphs 1 through 70 of this Complaint as if fully set forth herein.

72. Plaintiff is informed and believes, and based thereon alleges, that Defendants knowingly and willfully copied and is using Plaintiff's trade dress and trademarks, goods and service likeness in its advertising and websites. Plaintiff is further informed and believes, and based thereon alleges, that Defendants copied Plaintiff's trade name and trade dress for the specific purposes of infringing upon Trademarks and falsely designating its goods with Plaintiff. Additionally, Plaintiff believes that Defendants are representing that they are associated with, sponsored by, approved by and/or condoned by Plaintiff.

73. Unless enjoined by this Court, Defendants will continue its course of conduct, wrongfully advertising, using, infringing upon, selling and otherwise profiting from Plaintiff's trade dress, trademarks and similar goods. As a direct and proximate result of the acts of Defendants, Plaintiff will suffer irreparable damage and will sustain lost profits. Plaintiff will lose the benefit of the advertising and goodwill for which Plaintiff has expended large sums of money, time and effort promoting during the past eight years, and Plaintiff will also lose large sums of money in diverted business.

74. Plaintiff has no adequate remedy at law to address all of the injuries Defendants have caused, and intend to cause by their conduct. Plaintiff will suffer irreparable damage and sustain loss of profits until Defendants' actions alleged herein are enjoined by this Court.

**FOURTH CLAIM FOR RELIEF**

**(Breach Of Contract)**

75. Plaintiff hereby repeats, realleges and incorporates by reference Paragraphs 1 through 74 of this Complaint as if fully set forth herein.

76. On May of 2015 Defendants entered into a Distributorship Agreement with Plaintiff to sell Plaintiff's products to consumers.

77. Defendants acted as a distributor for Plaintiff pursuant to their Agreement and the Terms and Conditions until this Agreement was terminated by Plaintiff on December 6, 2016.

78. After the termination of the Agreement and the Terms and Conditions Defendants failed to return Plaintiff's merchandise. Defendants further breached the Agreement and the Terms and Conditions by continuing to use Plaintiff's intellectual property in violation of the Terms and Conditions.

79. Plaintiff fully and at all times performed its part of the Agreement.

80. Defendants breached the Agreement with Plaintiff by, among other things, by failing to return Plaintiff's products and continuing to use Plaintiff's trade dress and trademarks.

81. As a result of the foregoing and Defendants' continued and ongoing breaches of the Agreement, Plaintiff has suffered damages in the amount to be proven at the time of trial. Plaintiff has been damaged in that (1) it provided products to Defendants which were never returned or paid for; (2) it lost potential profits on products that were sold by Defendant and infringed upon Plaintiff's trade dress and trademarks; and (3) Plaintiff incurred attorney's fees and other costs.

**FIFTH CLAIM FOR RELIEF**

**(Negligent Interference With Tortious Or Business Relations)**

82. Plaintiff hereby repeats, realleges and incorporates by reference Paragraphs 1 through 81 of this Complaint as if fully set forth herein.

83. This is an action for negligent interference with business relations.

84. Plaintiff is informed and believes, and on that basis alleges, that Defendants have sold, offered for sale, manufactured and/or distributed products, and advertised, marketed and promoted products that unfairly compete with Plaintiff's Products bearing the Rx Jump Rope trade dress and trademarks, without the permission or consent of Plaintiff.

85. Defendants' unlawful conduct has deceived, or is likely to deceive, purchasers into believing that Defendants' products are affiliated with, associated with, condoned and/or sold by Plaintiff, that Plaintiff is the source of origin of Defendants' products. Defendants have negligently represented that its products are affiliated with Plaintiff, thereby wrongfully and unfairly disrupting Plaintiff's business and diverting customers from Plaintiff to Defendants.

86. Defendants' aforementioned actions constitute unfair business practices in violation of California Business & Professions Code 17200, *et seq*.

87. Defendants' aforementioned actions constitute unlawful, unfair, malicious and/or fraudulent practices. As a result of Defendants' actions of negligent interference with prospective economic relations, Plaintiff has been injured and lost money in an amount to be determined at trial.

88. By its actions, Defendants have irreparably harmed and injured Plaintiff. Such irreparable injury will continue unless this Court preliminarily and permanently enjoins Defendants from further violation of Plaintiff's rights, for which Plaintiff has no adequate remedy at law.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for relief as follows:

**As to the First, Second and Third Claims for Relief:**

1. That Defendants be adjudged to have willfully infringed Plaintiff's trademarks and advertising methods in violation of federal law;

2. For actual damages according to proof at trial;

3. For damages for lost profits and goodwill in a sum according to

proof at trial pursuant to 15 U.S.C. § 1125;

4. For treble damages for willful infringement pursuant to 15 U.S.C. § 1117(b);

5. For disgorgement of Defendants' profits;

6. For injunctive relief;

7. For attorney's fees for wrongful, willful and deliberate action under 17 U.S.C. § 1051, et seq.;

8. For costs of suit incurred herein;

9. That Defendants and their officers, agents, employees and all persons acting or claiming to act on their behalf under their direction or authority, be permanently enjoined and restrained from engaging in acts of trade dress and trademark infringement and unfair competition with Plaintiff relating to the sale of products that display Plaintiff's Rx Jump Rope trade dress or trademarks in any manner in the sale, promotion, advertising, manufacture, purchase and/or distribution of Defendants' products.

10. For such other and further relief the Court deems just and proper.

**As to the Fourth Claim for Relief:**

1. For damages in a sum according to proof at trial;

2. For interest thereon at a maximum legally permissible rate;

3. For reasonable attorney's fees;

4. For costs of suit incurred herein; and

5. For such other and further relief as the Court deems just and proper.

**As to the Fifth Claim for Relief:**

1. That Defendants be adjudged to have intentionally and/or negligently interfered with Plaintiff's prospective economic relations;

2. That Defendants and its officers, agents, employees and all

persons acting or claiming to act on their behalf under their direction or authority, be permanently enjoined and restrained from or engaging in acts of intentional interference of prospective economic relations related to the sale of products that display Plaintiff's Rx Jump Rope trade dress in any manner in the sale, promotion, advertising, manufacture, purchase and/or distribution of Defendants' products;

3. That Defendants and its officers, agents, employees and all persons acting or claiming to act on their behalf under their direction or authority, be permanently enjoined and restrained from or engaging in acts of negligent interference of prospective economic relations related to the sale of products that display Plaintiff's Rx Jump Rope trade dress in any manner in the sale, promotion, advertising, manufacture, purchase and/or distribution of Defendants' products;

4. That Defendants be ordered to pay damages for intentional and negligent interference with prospective economic relations, in an amount to be proven at trial; and

5. For such other and further relief as the Court deems just and proper.

**As to all Claims for Relief:**

1. For an award of costs and reasonable attorneys' fees; and

2. For such other and further relief the Court deems just and proper.

[remainder of page intentionally left blank]

**JURY DEMAND**

Plaintiff requests a trial by jury on all issues so triable.

DATED: April 19, 2017

PROCOPIO, CORY, HARGREAVES & SAVITCH LLP

By: s/Lisel M. Ferguson

Lisel M. Ferguson
Nicholas A. Kawuka
PROCOPIO, CORY, HARGREAVES & SAVITCH LLP
525 B Street, Suite 2200
San Diego, California 92101
Telephone: 619.238.1900
Facsimile: 619.235.0398

*Attorneys for Plaintiff,*
RX SMART GEAR, INC.