1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RX SMART GEAR, INC., a California corporation,<br><br>  Plaintiff,<br><br>v.<br><br>BATTLEBOXUK LTD, a Scottish company, NANO GEAR LTD, a Scottish company,<br><br>  Defendants. | Case No. 17-cv-798-BTM-JMA<br><br>**ORDER OF FINAL JUDGMENT AND PERMANENT INJUNCTION** |

WHEREAS, Plaintiff Rx Smart Gear, Inc. ("Rx Smart Gear"), by and through its attorneys, and Defendants BattleBoxUK Ltd ("BattleBox") and Nano Gear Ltd ("Nano Gear") (collectively "Defendants") (collectively with Plaintiff referred to as "Parties") filed a Joint Motion for Entry of Order of Final Judgment and Permanent Injunction in this matter on or about July 19, 2017 ("Stipulation") and thereby have consented to the entry of this Order of Final Judgment and Permanent Injunction ("Final Judgment");

AND WHEREAS, the Court finds that the settlement between the Parties is fair and in the interest of the Parties and the public;

NOW THEREFORE, upon the consent of the aforementioned Parties, it is hereby ORDERED, ADJUDGED, AND DECREED:

## FINAL JUDGMENT AND PERMANENT INJUNCTION

**1. JURISDICTION**

The Parties stipulate and agree that the United States District Court, Southern District of California has subject matter jurisdiction over the matters alleged in this action and personal jurisdiction over the Parties to this Final Judgment.

**2. SETTLEMENT OF CLAIMS**

The Parties enter into this Final Judgment pursuant to a compromise and settlement of the claims for purposes of avoiding the unnecessary costs of litigation and furthering the public's interest. By this Final Judgment, Defendants admit that Plaintiff has valid intellectual property rights as alleged in the Complaint; that they entered into a resale agreement with Plaintiff; and that they each individually and/or collectively violated Plaintiff's intellectual property rights under the Lanham Act and under the terms of the resale agreement between the Parties. The Parties believe that the resolution embodied in this Final Judgment is fair and reasonable and safeguards Plaintiff's intellectual property interests; that the terms are appropriate; that no further action is warranted concerning the violations alleged in the Complaint, except as provided in the Final Judgment; and that entry of the Final Judgment is in the best

interests of the Parties and the public as a whole. The Parties also waive their respective rights to appeal.

**3.   INJUNCTIVE RELIEF**

Defendants and their officers, agents, employees and all persons acting or claiming to act on their behalf under their direction or authority, are permanently enjoined and restrained from:

a.   engaging in acts of trademark infringement, trade dress infringement or unfair competition with Plaintiff by Defendants' sale, promotion, advertising, manufacture, purchase and or distribution of products that display or otherwise exploit Plaintiff's Rx Smart Gear trademarks, the Rx Jump Rope trade dress, or any other intellectual property of Plaintiff in any manner;

b.   engaging in acts of interference with existing or prospective economic relations of Plaintiff by Defendants' sale, promotion, advertising, manufacture, purchase and or distribution of products that display or otherwise exploit Plaintiff's Rx Smart Gear trademarks (Exhibit A), the Rx Jump Rope trade dress, or any other intellectual property of Plaintiff in any manner;

c.   engaging in any acts of registration of any trademark or other intellectual property incorporating the terms "Smart Gear", "SmartGear" or any confusingly similar iteration of those terms in connection with Defendants' current or future business activities in the United States, and or any other jurisdiction, including but not limited to the European Union;

d.   contesting the validity or enforceability of the Rx Smart Gear trademarks, as those marks are referred to in the Complaint, or any other intellectual property of Rx Smart Gear in any future judicial, administrative, or alternative dispute resolution proceeding in the United States, or any other jurisdiction, including but not limited to the European Union; and

e.   assisting, aiding, abetting or otherwise facilitating any person or entity in engaging in or performing any of the activities referred to in subparagraphs (a)

through (d) above.

**4.     RETENTION OF JURISDICTION**

This Final Judgment and Permanent Injunction is conditioned on the Court retaining jurisdiction to enforce the terms of the settlement agreement between the Parties.

**IT IS ORDERED, ADJUDGED, AND DECREED THAT THE FINAL JUDGMENT AND PERMANENT INJUNCTION BE ENTERED AS PROVIDED HEREIN.**

DATED: July 31, 2017      By: *[signature]*
                               Barry Ted Moskowitz
                               United States District Judge